[No. 9676.    Department One.    October 28, 1911.]

## L. N. ROSENBAUM, *Appellant*, v. KELLER & INDIANA CONSOLIDATED SMELTING COMPANY, *Respondent*.[1]

CONTRACTS—EMPLOYMENT—PERSONAL SERVICES — PERFORMANCE OR BREACH. When plaintiff received a check of $240 in payment for 4 days' time and expenses, in consideration of which he agreed to personally examine property with a view to securing a loan thereon from an undisclosed principal, the contract calls for his personal services, and he cannot recover on the check where he failed to comply with the contract by personally making the examination.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered March 18, 1911, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action upon a check. Affirmed.

*W. H. Abel*, for appellant.

*O. M. Nelson*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover upon a check issued by the defendant company to him. The case was tried to the court without a jury. The court concluded that the plaintiff had not complied with his contract, and dismissed the action. The plaintiff has appealed.

There is no dispute upon the facts. The court made the following finding, which is not excepted to and is conceded to be the facts in the case:

"That on or about October 14, 1909, the defendant applied to the plaintiff, through its president R. L. Boyle,

[1]Reported in 118 Pac. 624.

and J. T. Durdle, one of its directors, for a loan in the sum of $50,000 to be made on defendant's property at Keller, Washington; that plaintiff represented to defendant that it would be necessary for him to go personally and make an examination of defendant's property, and that his charges or fees for such personal service or examination of said property was $50 per day and expenses, and that it would take him four days to make this examination, and his expenses would be about $40; that it was thereupon agreed between the parties hereto that plaintiff in person should go and make the examination, and he agreed to meet a representative of the defendant, to wit, its president R. L. Boyle, on his way to make the examination of said property, and that they together should go to the said property and not otherwise; that in pursuance of this agreement, defendant issued its check to plaintiff in the sum of $240 to cover the latter's per diem fees and expenses; that plaintiff did not go personally nor did he offer to go personally after the completion of the contract, to examine the said property, nor did he arrange or attempt to arrange to meet the representative of the company as agreed; that plaintiff's failure to go in person was not on account of any failure to pay the said check nor on account of any failure nor neglect on the part of the defendant."

Appellant argues that, because he was not the agent of the defendant, but was the agent of an undisclosed principal who was the one to be satisfied with the security, it was immaterial whether the plaintiff personally examined the property or sent some other man to do so. This would no doubt follow if there had been no specific contract for personal services, but here the parties agreed upon a personal examination by the plaintiff, and the check was given in pursuance of that contract. Plaintiff was bound by the contract, and was not at liberty to violate it by securing the services of some other man to do what he had agreed to do personally, without authority from the defendant, who had issued the check to pay the expenses and per diem of the plaintiff personally. The defendant was willing to pay the plaintiff $50 per day for his time, but might have been, and

no doubt was, unwilling to pay some other man that amount.
The court was right in denying the recovery.

The judgment is therefore affirmed.

Dunbar, C. J., Parker, Fullerton, and Gose, JJ., concur.